IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Application of ) | |
| ) | |
| KUWAITI PORTS AUTHORITY and THE ) | |
| PUBLIC INSTITUTION FOR SOCIAL ) | |
| SECURITY, ) | Civil Action No.: 1:22-mc-00064-RJL/RMM |
| ) | |
| Petitioners, for an Order Pursuant to 28 ) | Judge: Richard J. Leon |
| U.S.C. § 1782 to Conduct Discovery for Use ) | Magistrate Judge: Robin M. Meriweather |
| in a Foreign Proceeding ) | |

**<u>PETITIONERS' MOTION FOR A SECOND STATUS CONFERENCE</u>**

Petitioners, Kuwaiti Ports Authority ("KPA") and The Public Institution for Social Security ("PIFSS") (collectively, "Petitioners"), respectfully request a second status conference before Magistrate Judge Meriweather regarding their pending application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding. (ECF No. 1).

1. Nearly two years ago, on July 5, 2022, Petitioners filed their pending Section 1782 application to conduct discovery for use in a foreign proceeding ("Petitioners' Application"); specifically, a case that is pending in the Grand Court of the Cayman Islands, Financial Services Division, Cause No. FSD 236 of 2020 (RPJ) (the "Cayman Litigation"). (ECF No. 1).

2. On August 30, 2022, Judge Leon referred Petitioners' Application to Magistrate Judge Meriweather for a Report and Recommendation. (Minute Order dated August 30, 2022).

3. Almost one year later, there having been no action on Petitioners' Application, Petitioners moved the Court on August 15, 2023 for a status conference "[t]o ensure that any pending questions or concerns of the Court are adequately addressed so that this year-old Application can be resolved." (ECF No. 9, at ¶ 10).

4. Magistrate Judge Meriweather conducted a status conference with respect to

1

Petitioners' Application on November 28, 2023.  Both counsel for Petitioners and counsel for Respondent attended.

5. At the November 28, 2023 status conference, and in its Response to Petitioners' Motion for a Status Conference, Respondent informed the Court of Respondent's intention <u>not</u> to file a brief in opposition to Petitioners' Application but to instead raise all of its objections to Petitioners' Application <u>after</u> Petitioners' Application has been granted by the Court and <u>after</u> it has been served with the discovery subpoenas proposed in Petitioners' Application. *See* Respondent's Response to Petitioners' Motion for a Status Conference (ECF No. 15, at ¶¶ 4, 7) ("Should the Court grant Petitioners' Application, in whole or part, [Respondent] will then move to quash the subpoena in accordance with the Federal Rules of Civil Procedure"; "Respondent will address the substance of Petitioners' Application upon the Court's ruling.").

6. At the November 28, 2023 status conference, Petitioners provided the Court with an overview of the status of the Cayman Litigation.  Petitioners specifically explained the need for a prompt ruling to ensure that, if Petitioners' Application is granted, Petitioners can take timely discovery in advance of any deadlines in the Cayman Litigation.

7. At the conclusion of the November 28, 2023 status hearing, Magistrate Meriweather indicated that Petitioners' Application would remain under advisement but intimated an intention to issue a ruling on the Petitioners' Application in a relatively short time.  However, there has been no Court activity in the almost five months that have passed since that status conference, and no Report and Recommendation has issued.

8. Petitioners presently need the discovery requested in Petitioners' Application for use in the Cayman Litigation.  Any further delay in this Court may negatively impact the Cayman Litigation for which the requested discovery is needed.  Indeed, the granting of Petitioners' Application

2

will only be the first step in the discovery process before this Court under Section 1782, as Respondent has made it abundantly clear that "[s]hould the Court grant Petitioners' Application, in whole or in part, [Respondent] will then move to quash the subpoena in accordance with the Federal Rules of Civil Procedure." (ECF No. 12-2, at ¶ 4). That motion practice alone could take several months.

9. As a result, Petitioners' respectfully request that the Court (i) issue a Report and Recommendation granting Petitioners' Application; or, in the alternative, (ii) schedule a second status conference to allow the parties to address any questions or concerns the Court may have; or (iii) grant such further or alternative relief the Court deems appropriate.

Date: April 22, 2024

Respectfully submitted,

*/s/ Jennifer Ancona Semko*
Jennifer Ancona Semko (Bar No. 481119)
Graham Cronogue (Bar No. 1044036)
BAKER McKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
Telephone: 202 835 4250
jennifer.semko@bakermckenzie.com
graham.cronogue@bakermckenzie.com

and

John M. Murphy
BAKER McKENZIE LLP300 E. Randolph Street
Suite 5000
Chicago, IL 60601
Telephone: 312 861 8085
John.murphy@bakermckenzie.com

*Counsel for Applicants Kuwait Ports Authority and The Public Institution for Social Security*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2024, a true and correct copy of the foregoing was served on all counsel of record using the Court's electronic filing system.

*/s/ Jennifer Ancona Semko*
Jennifer Ancona Semko
