UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF KUWAIT )
PORTS AUTHORITY AND THE PUBLIC )
INSTITUTE FOR SOCIAL SECURITY FOR ) Civil Case No. 22-mc-64 (RJL)
AN ORDER TO TAKE DISCOVERY )
FOR USE IN FOREIGN PROCEEDINGS )
PURSUANT TO 28 U.S.C. § 1782 )

## MEMORANDUM OPINION

May 28, 2025 [Dkt. #1]

Petitioners Kuwait Ports Authority and the Public Institution for Social Security (together, "petitioners") seek an order pursuant to 28 U.S.C. § 1782 to compel discovery from Crowell & Morning LLP ("Crowell"), David Hammond, and Justin Kingsolver for use in a Cayman Islands action. Presently before the Court is petitioners' Application for Discovery for Use in a Foreign Proceeding. *See* Application [Dkt. #1]. Magistrate Judge Meriweather issued a Report and Recommendation, recommending that the Court grant petitioners' application. Upon consideration of the Report and Recommendation, the parties' briefing, and the applicable case law and legal standards, the Court ADOPTS the Report and Recommendation [Dkt. #23] and GRANTS petitioners' Application for Discovery for Use in a Foreign Proceeding [Dkt. #1].

### BACKGROUND

Petitioners filed suit in the Grand Court of the Cayman Islands, Financial Services Division, alleging that the general partner of the Port Fund, L.P. (for which both applicants are limited partners), in concert with its principal, affiliates and certain third parties,

breached certain duties to the Port Fund by improperly using and diverting money belonging to the Port Fund. Application ¶¶ 1–2; Application Appendix 1 ("Reamended Statement of Claim") [Dkt. #1-1]; Application Appendix 6 ("Fox Decl.") [Dkt. #1-1] ¶¶ 2–8. Crowell acted as counsel for "the Port Fund, its general partner, and affiliated parties in connection with certain transactions and proceedings underlying petitioners' direct and derivative claims in the Cayman action." Application ¶ 3; Fox Decl. ¶ 14.

Petitioners seek to obtain discovery regarding three issues in the pending Cayman action. The first concerns an allegedly sham court case in the Dubai International Financial Centre where Crowell advised on the proceeding. Application ¶¶ 27–50. The second concerns allegedly unlawful payments that Crowell made on behalf of its client. *Id.* ¶¶ 51–64. And the third concerns payments to lawyers, lobbyists, public relations consultants, and other third parties that Crowell issued. *Id.* ¶¶ 65–74. Petitioners alleged that "at least a substantial portion of these payments were not for the benefit of and, in some instances, were contrary to the interests of the Port Fund." *Id.* ¶ 65.

On July 5, 2022, petitioners filed their Application for Discovery for Use in a Foreign Proceeding. *See* Application [Dkt. #1]. I referred the case to a magistrate judge for a Report and Recommendation. August 30, 2022 Minute Order.

While the application was pending before Magistrate Judge Meriweather, Crowell intervened "for the limited purpose of correcting the misstatement of facts by Petitioners," specifically to assert that the application was contested. Mot. to Interv. [Dkt. #12] at 1. Magistrate Judge Meriweather granted Crowell's request to intervene. September 1, 2023 Minute Order. Crowell, however, did not file a formal response to the application. *See*

August 8, 2022 Status Report [Dkt. #7] ¶ 8. Instead, Crowell represented that, if the Court granted the application, Crowell would "then move to quash the subpoena in accordance with the Federal Rules of Civil Procedure." Resp. Mot. for Status Conf. [Dkt. #15] ¶ 4. Crowell also represented to Magistrate Judge Meriweather that it would address the substance of the application upon the Court's ruling. *Id.* ¶ 7.

On August 6, 2024, Magistrate Judge Meriweather recommended that the Court grant the application. R. & R. [Dkt. #23] at 1. Crowell filed objections within 14 days of the Report and Recommendation. *See* Interv. Objs. [Dkt. #24]. Applicants responded, *see* Pet. Resp. [Dkt. #25], and Crowell submitted its reply, *see* Interv. Reply [Dkt. #26].

## LEGAL STANDARD

The Court reviews *de novo* objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3); LCrR 59.2(c). The Court may "make a determination based solely on the record developed before the magistrate judge, or may conduct a new hearing, receive further, evidence and recall witnesses." LCrR 59.2(c).[1]

## ANALYSIS

Two sets of legal standards govern petitioners' request: three statutory requirements in § 1782(a), and, if those requirements are met, four discretionary considerations in *Intel Corp. v. Ad. Micro Devices, Inc.*, 542 U.S. 241 (2004). Section 1782 permits federal courts to order discovery "for use" in a foreign proceeding when the following conditions are

---

[1] Petitioners urge the Court to utilize a different standard in reviewing the magistrate judge's report and recommendation. *See* Pet. Resp. at 6–7 (proposing "clearly erroneous or contrary to law" review instead of *de novo* review). Even under this less exacting standard, the Court's conclusions would not be different.

3

satisfied:

> (1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person.

*In re Application of Leret*, 51 F. Supp. 3d 66, 70 (D.D.C. 2014).

Petitioners satisfy all three requirements. To start, Crowell makes no objection to the first or third requirement. The first requirement is satisfied because Crowell is the entity "from whom discovery is sought" and is headquartered in this district. Application ¶¶ 4, 6; *see In re App. of Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *2 (D.D.C. Feb. 17, 2023) ("A corporation is 'found within' the district where it is headquartered or incorporated."). Likewise, the second requirement is satisfied because petitioners initiated the lawsuit in the Cayman action, and "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256. Petitioners thus qualify as "interested person[s]." 28 U.S.C. § 1782(a).

Crowell disputes that petitioners meet the second statutory requirement. It argues that petitioners seek discovery "for use in a contemplated proceed ***against Crowell*** in the United States" and that petitioners are using the Cayman proceedings as a "ruse" for discovery. Interv. Objs. at 5–6 (emphasis in original). Thus, Crowell's argues, the discovery is not "for use" in a foreign proceeding. 28 U.S.C. § 1782(a). As an initial matter, these arguments are waived because Crowell did not file a formal response to the application and instead represented that it would move to quash the subpoena if it issued. *See* R. & R. at 1 n.1; Resp. Mot. for Status Conf. ¶ 4. Our Circuit has held that "[i]ssues

4

raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Klayman v. Jud. Watch, Inc.*, 6 F.4th 1301, 1312 (D.C. Cir. 2021).

Even considering the merits of Crowell's argument, they fall short. The Supreme Court has explained that "[s]ection 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 258; *see C5 Cap. Ltd.*, No. 1:24-MC-10 (TNM), 2024 WL 1701650, at *2 (D.D.C. Apr. 18, 2024) (rejecting the argument that the discovery was not for use in a foreign proceeding because petitioners were on a "fishing expedition" against a D.C. law firm). Here, there is an ongoing lawsuit in the Caymans regarding events for which Crowell was involved, so the statutory requirement is unmistakably met.

Since the Court has the statutory authority to grant the application, I next consider the four *Intel* discretionary factors: (1) whether "the person from whom discovery sought is a participant in the foreign proceeding"; (2) the nature of the foreign court, the character of the proceeding, and the foreign court's receptivity to "U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." 542 U.S. at 264–65.

The second and third factors favor granting the application. On the second factor, there is no suggestion that the Cayman court would reject evidence obtained with the aid of section 1782. Rather, petitioners' counsel represents that the Cayman courts would be receptive to such evidence. *See* Fox Decl. ¶¶ 25–27 (citing a Cayman Islands Court of Appeal case that acknowledged the right to obtain discovery under section 1782 is not

withheld under Cayman law). And, on the third factor, there is no evidence that discovery under section 1782(a) would circumvent "foreign proof-gathering restrictions" in the Cayman action. *See In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (evaluating this factor on a lack of evidence).

Crowell objects to the magistrate's recommendation that the first factor weighs in favor and that the fourth factor weighs moderately in favor of granting the application. Interv. Objs. at 6–15; *see* R. & R. 11–16. Again, Crowell waived these arguments by declining to formally respond to the application.

Still, were the Court to consider Crowell's arguments, they fare no better. On the first factor, Crowell argues that it favors denying the application because to seek discovery from Crowell "functionally seeks records from Crowell's client." Interv. Objs. at 7. That, however, is not the inquiry in *Intel*. Instead, the question is whether Crowell is a participant in the Cayman action. *See Intel*, 542 U.S. at 264; *C5 Cap. Ltd.*, 2024 WL 1701650, at *3. It is not. Therefore, this factor favors granting the application because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

Finally, the Court agrees with Magistrate Judge Meriweather's recommendation that the fourth factor weighs moderately in favor of granting the application. Crowell posits that the subpoenas are unduly burdensome because the requested is "available through parties in the Cayman action" and "not relevant to the pending foreign proceeding." Interv. Objs. at 8–10. Section 1782(a) does not, however, require petitioners to exhaust their

discovery options with parties to the Cayman action before seeking discovery from Crowell. *See In re Veiga*, 746 F. Supp. 2d at 24 ("Section 1782(a) does not incorporate an exhaustion requirement, and an applicant is not required to first seek discovery from the foreign tribunal."). Moreover, Crowell's documents are relevant to petitioners' direct and derivative claims in the Cayman action. *Compare* Application ¶¶ 27–74, *with* Application Appendix 2 ("Documents Subpoena") [Dkt. #1-1] at 10–12.

Crowell further argues that the subpoenas are unduly burdensome because they request extensive privileged material and infringe on its attorney-client relationship. Interv. Objs. at 10–15. Petitioners respond that the crime-fraud and fiduciary-beneficiary exceptions apply to the privileged information. Pet. Resp. at 13–15. While the subpoenas do seek information that could be protected by attorney-client privilege, it is premature based on the record before the Court to make privilege determinations at this stage. *See In re Veiga*, 746 F. Supp. 2d at 26 (granting section 1782 request and finding that the parties' arguments concerning privilege are premature).

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Meriweather's Report and Recommendation [Dkt. #23]. Accordingly, the Court GRANTS petitioners' Application for Discovery for Use in a Foreign Proceeding [Dkt. #1]. An appropriate order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge