UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Application of<br><br>KUWAIT PORTS AUTHORITY and THE PUBLIC INSTITUTION FOR SOCIAL SECURITY,<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 1:22-mc-00064-RJL<br><br>Judge: Richard J. Leon<br><br>Magistrate Judge: Matthew J. Sharbaugh |

**PETITIONERS' EMERGENCY MOTION TO HOLD CROWELL & MORING LLP IN CONTEMPT OF COURT AND FOR SANCTIONS FOR ITS WILFUL VIOLATION OF MAGISTRATE JUDGE SHARBAUGH'S DECEMBER 17, 2025 ORDER**

Petitioners Kuwait Ports Authority and The Public Institution for Social Security (collectively, "Petitioners") submit this motion to hold Crowell & Moring LLP ("Crowell") in contempt and for an award of sanctions for Crowell's wilful violation of Magistrate Judge Sharbaugh's December 17, 2025 Memorandum Opinion and Order denying Crowell, David Hammond, and Justin Kingsolver's ("Respondents") Motion to Quash (ECF 45).

## INTRODUCTION

Crowell is openly violating an order of this Court, which this Court, in a separate order, expressly declined to stay. On December 17, 2025, Magistrate Judge Sharbaugh entered the following order (hereinafter, the "Document Production Order"): "Within twenty-one (21) days [*i.e.*, by January 7, 2026], Crowell shall produce documents and information to Petitioners in response to the Document Subpoena." (ECF 45, at 34-35.) Respondents sought a stay of the Document Production Order, but this Court denied their motion. (Jan. 5, 2026 Minute Order.) Nevertheless, at 8:08 pm E.T. on January 7, 2026, just hours before its deadline to comply with the Document Production Order, Crowell informed Petitioners that, due to purported "errors

1

concerning the Magistrate Judge's holding . . . Crowell does not presently intend to produce documents in response to the . . . document subpoena." (Ex. 1.)

Crowell's deliberate defiance of the Court's Document Production Order, and its blatant disregard for this Court's denial of its motion to stay that Order, is part and parcel of its broader strategy to thwart Petitioners' years-long, legitimate efforts to timely obtain Section 1782 discovery for use at a February 2, 2026 trial in the Cayman Islands. Magistrate Judge Sharbaugh has previously expressed "frustration" with "Crowell's unnecessarily drawn-out approach to this proceeding." (ECF 45, at 10, 14.) Now, it is clear that only sanctions can get Crowell to honor its obligations and provide Petitioners the discovery to which they are entitled before their trial in the Cayman Islands begins on February 2, 2026. This Court should hold Crowell in contempt for violation of the Document Production Order and impose the sanctions requested in this motion.

## BACKGROUND

Petitioners commenced this Section 1782 action in July 2022, more than three and one-half years ago. (ECF 1.) They seek in this action to obtain discovery related to three sets of transactions: (1) "an alleged sham court case in the Dubai International Financial Centre where Crowell advised on the proceeding" (ECF 29, at 2 (citing ECF 1, ¶¶ 29-50)); (2) "allegedly unlawful payments that Crowell made on behalf of its client" (ECF 29, at 2 (citing ECF 1, ¶¶ 51-64)); and (3) "payments to lawyers, lobbyists, public relations consultants, and other third parties that Crowell issued . . . a substantial portion of [which] were not for the benefit of and, in some instances, were contrary to the interests of the Port Fund" (ECF 29, at 2 (citing ECF 1, ¶¶ 65-74)).

In August 2024, two years after Petitioners filed their Section 1782 application, Magistrate Judge Meriweather issued a Report and Recommendation ("R&R") recommending that the district court judge grant the application. (ECF 23.) In May 2025, Judge Leon adopted the R&R in full and ordered Respondents to respond to Petitioners' subpoenas by June 12, 2025. (ECF 29 and 30.)

2

On June 12, 2025, Respondents moved to quash Petitioners' subpoenas ("Motion to Quash") (ECF 31.)

Magistrate Judge Sharbaugh denied the Motion to Quash in substantial part in a thorough and well-reasoned 35-page Memorandum Opinion and Order issued on December 17, 2025. (ECF 45.) Magistrate Judge Sharbaugh ordered (i) the parties to file a proposed protective order "to limit the permissible use of any discovery . . . to the Cayman proceedings" by December 31, 2025;[1] (ii) Crowell to produce documents in response to the as-modified document subpoena by January 7, 2026; and (iii) Respondents to sit for depositions by January 21, 2026. (*Id.* at 34-35.) He noted that he "set[] these deadlines with an eye toward the fact that trial in the Cayman proceedings is rapidly approaching and currently scheduled to begin in February 2026." (*Id.* at 35 n.13.)

Respondents then waited 14 days—until December 31, 2025—to seek a stay of, and to file objections to, Magistrate Judge Sharbaugh's Memorandum Opinion and Order. (ECF 47; 48.) On January 5, 2026, the Court denied Respondents' motion for a stay, on account of "judicial economy and the hardship to the parties, and in light of the particular circumstances of the case." (Jan. 5, 2026 Minute Order.)

Crowell was not deterred. On January 7, 2026, at 8:08 p.m. E.T., Crowell informed Petitioners that, on account of purported "errors concerning the Magistrate Judge's holding," Crowell did not intend to comply with the Document Production Order. (Ex. 1.) Crowell stated: "In light of [ ] concerns regarding the Magistrate Judge's Order and the validity of the underlying document subpoena, Crowell does not presently intend to produce documents in response to the . . . document subpoena." (*Id.*) In response, Petitioners notified Crowell that, absent a change in

---

[1] On January 5, 2026, Magistrate Judge Sharbaugh entered a protective order, thus resolving the parties' dispute regarding proposed protective orders. (ECF 51.)

Crowell's position, they would "bring a motion for contempt of court and for sanctions." (Ex. 2 at 1.) Crowell reiterated its position on the morning of January 8, 2026, going so far as to suggest that it would not even comply with the ruling that this Court issues on its Objections if that ruling is not in its favor. (*Id.* ("Until the Magistrate Judge's privilege determination is reviewed by the district judge *and, if necessary, by the court of appeals*, Crowell cannot acquiesce to your demand that Crowell produce all documents responsive to the document subpoena[.]") (emphasis added).) Crowell's counsel reiterated this position during a meet-and-confer discussion with undersigned counsel held later that morning.

## ARGUMENT

There is "no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Civil contempt will lie where "the putative contemnor has violated an order that is clear and unambiguous, and the violation [is] . . . proved by clear and convincing evidence." *In re Sealed Case*, 932 F.3d 915, 939 (D.C. Cir. 2019); *see also Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (same).

Both of those elements are satisfied here. *First*, the Document Production Order was "clear and unambiguous." *In re Sealed Case*, 932 F.3d at 939. Magistrate Judge Sharbaugh specifically ordered that, "[w]ithin twenty-one (21) days [*i.e.*, by January 7, 2026], Crowell shall produce documents and information to Petitioners in response to the Document Subpoena." (ECF 45, at 34-35.) *Second*, the violation has been "prove[n] by clear and convincing evidence." *In re Sealed Case*, 932 F.3d at 939. Indeed, *Crowell itself* does not dispute that it is in violation of the Document Production Order. Petitioners noted in their email to Crowell on the evening of January 7, 2026 that Crowell's position is in "blatant defiance" of the Document Production Order. (Ex. 2 at 1.) In Crowell's response on the morning of January 8, 2026, rather than dispute Petitioners' statement

4

that it was defying the Court's order, Crowell simply stated that it "maintains that your clients are not entitled to those documents." (*Id.*)

Crowell has no legitimate excuse for its blatant disregard for this Court's orders. Crowell noted in the letter it sent on January 7, 2026 that this Court "has not yet issued an order addressing Crowell's objections" and that "production of documents at this juncture would effectively constitute an abandonment of [the] appeal" it has pending in the D.C. Circuit (which is held in abeyance). (Ex. 1.) This Court, however, held in its order denying the motion for a stay that Crowell must comply with the Document Production Order pending the resolution of those objections. (Jan. 5, 2026 Minute Order.) In addition, the U.S. Supreme Court has rejected the argument that compliance with a subpoena moots an appeal regarding the validity of that subpoena. *See Church of Scientology v. United States*, 506 U.S. 9, 13 (1992) (holding that compliance with subpoena did not moot appeal because "meaningful relief," such as an order to return or destroy the subpoenaed information, was still possible).

The U.S. Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), further undermines Crowell's position. In *Mohawk*, the Court stated that many forced disclosures of privileged material are "mundane" and harmless, and that, even where the compelled disclosure of privileged material causes harm, such harm is "reparable" (even if sometimes "imperfectly reparable"). *Id.* at 112. The Court in *Mohawk* also recognized that "protective orders are available to limit the spillover effects of disclosing sensitive information." *Id*. Magistrate Judge Sharbaugh has contemplated this protection for Respondents and, on January 5, 2026, entered a protective order that limits the use of the subpoenaed information (the "Protective Order"). (ECF 51.) The Protective Order includes a number of protections: it strictly limits Petitioners' ability to disclose any material designated privileged by Crowell (*id.* ¶ 16), it requires the return or

5

destruction of produced documents after the conclusion of the litigation in the Cayman Islands (*id.* ¶ 3), and it contains a clawback provision that applies "[i]f any Confidential Privileged Information is subsequently determined by a reviewing court … in this case to be subject to a valid claim of privilege." (*Id.* ¶ 6.)

Critically, this Court already rejected Crowell's stated concerns when it denied Respondents' motion to stay. (Jan. 5, 2026 Minute Order.) The Court's order denying the stay was correct and consistent with numerous decisions in which courts declined to issue stays that would threaten or defeat a Section 1782 applicant's ability to use discovery in a foreign proceeding. *See, e.g.*, *Banco Mercantil de Norte, S.A. v. Paramo*, No. 3:23-MC-0188, 2025 WL 871622, at *7 (S.D. Tex. Mar. 19, 2025); *In re Kipperband*, 24 Misc. 239 (AKH), 2024 U.S. Dist. LEXIS 188357, at *3 (S.D.N.Y. Oct. 15, 2024); *In re Hansainvest Hanseatische Inv'mt. GmbH*, No. 18-MC-310 (ALC), 2019 WL 5939860, at *3-4 (S.D.N.Y. Oct. 4, 2019); *In re Aso*, 19 MC 190 (JGK) (JLC), 2019 WL 2572491, at *2-3 (S.D.N.Y. June 21, 2019); *In re Noguer*, No. 18-MC-498 (JMF), 2019 WL 1034190, at *4-5 (S.D.N.Y. Mar. 5, 2019); *In re Victoria, LLC*, No. 18-MC-21202, 2018 WL 11229127, at *4-5 (S.D. Fla. Dec. 26, 2018); *In re Gushlak*, No. 11-MC-0218, 2012 WL 2564466, at *4-8 (E.D.N.Y. Jan. 30, 2012).

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Given that Crowell is openly defying a clear and unambiguous order from this Court, which this Court declined to stay in another court order, this Court should find Crowell in contempt.

This Court should also impose penalties necessary to coerce Crowell into compliance. Civil contempt sanctions are appropriate to "coerce the defendant into compliance with the court's order, or compensate the complainant for losses sustained." *Int'l Union, United Mine Workers of Am. v.*

6

*Bagwell*, 512 U.S. 821, 829 (1994) (cleaned up); *see In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009).

In fixing a civil contempt sanction, the Court should "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Several considerations, taken together, indicate that it will require substantial sanctions to coerce Crowell into compliance. Crowell is a very large and well-resourced international law firm. Crowell has taken an "unnecessarily drawn-out approach to this proceeding," which has already led Magistrate Judge Sharbaugh to express his "frustration with the delays caused by" their approach. (ECF 45, at 10, 14.) Crowell has been aware of this action since July 2022 (ECF 6), but it waited until the evening of January 7, 2026 to inform Petitioners that it did not intend to comply with the Document Production Order. (Ex. 1.) Crowell is defying not only the Document Production Order but also this Court's order denying their motion for a stay. And Crowell's counsel indicated in their email on the morning of January 8, 2026, that Crowell will not even comply with an order adverse to them on their objections to the Document Production Order, presumably without regard to whether they can obtain a stay of that potential ruling. (Ex. 2 at 1.) Significant sanctions—including a per-day fine of at least $150,000—are needed to "coerce [Crowell] into compliance with the court's order." *Bagwell*, 512 U.S. at 829.

The Court should be mindful of the prejudice that Petitioners have suffered, and continue to suffer, as a result of Crowell's recalcitrance. *In re Fannie Mae Sec. Litig.*, 552 F.3d at 823 (affirming contempt sanctions that "compensated the individual defendants for the delay they suffered"). Magistrate Judge Sharbaugh's schedule for this discovery was, by design and in recognition of the rapidly approaching trial date, already very compressed. Now, because of

7

Crowell's contempt of this Court's orders, the opportunity for Petitioners to use this discovery in preparation for and at the February 2, 2026 trial could effectively be defeated or, at the very least, severely limited.[2]

## CONCLUSION

The Court should issue an order finding Crowell in civil contempt and imposing specific penalties, including a $150,000 per-day fine and such alternative or additional penalties the Court deems necessary to coerce Crowell into compliance and to compensate Petitioners for Crowell's contempt.

Date: January 9, 2026

Respectfully submitted,

/s/ *John M. Murphy*
John M. Murphy
BAKER McKENZIE LLP
300 E. Randolph Street, Suite 5000
Chicago, IL 60601
(312) 861-8085
john.murphy@bakermckenzie.com

Jennifer Ancona Semko
BAKER McKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
(202) 835-4250
jennifer.semko@bakermckenzie.com

*Counsel for Applicants Kuwait Ports Authority and The Public Institution for Social Security*

---

[2] Petitioners will need to review the produced documents, disclose them to their counterparties sufficiently in advance of the start of the Cayman trial (to the extent permitted by the Protective Order entered by the Court (ECF 51)), take Respondents' depositions after reviewing the documents, and use the documents and deposition testimony in trial preparation. Petitioners thus need the documents as soon as possible, particularly considering that Petitioners may need to incorporate the documents and deposition testimony in their opening submissions, which begin on February 2, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2026, a true and correct copy of the foregoing was served on all counsel of record using the Court's electronic filing system.

/s/ Jennifer Ancona Semko
Jennifer Ancona Semko
